UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANTONIO LEON ELLIS,** | ) |
| **Petitioner**, | ) |
| v. | ) Case No. 22-CV-0567-CVE-SH |
| **CHRISTI QUICK, Warden,** | ) |
| **Respondent**. | ) |

## OPINION AND ORDER

Petitioner Antonio Leon Ellis presently is in custody of the Oklahoma Department of Corrections under the criminal judgment entered against him in Tulsa County District Court Case No. CF-2003-4365. Ellis claims his custody is unlawful and seeks federal habeas relief, through a 28 U.S.C. § 2254 petition for writ of habeas corpus filed December 27, 2022 (Dkt. # 1). On preliminary screening of the petition, the Court ordered respondent to file a limited response addressing whether this Court has jurisdiction to adjudicate the petition and, if so, whether the petition should be dismissed as barred by the applicable one-year statute of limitations. Dkt. # 7. Respondent filed a limited response on March 17, 2023 (Dkt. # 17), and Ellis filed a reply on April 17, 2023 (Dkt. # 19). On consideration of the case materials and applicable law, the Court dismisses the petition as an unauthorized second or successive habeas petition.

In October 2004, Ellis pleaded guilty as to two counts of robbery with a firearm (counts one and two), and a jury found him guilty as to one count of attempted robbery with a firearm (count three) and one count of first-degree felony murder (count four). Dkt. # 17, at 1-2. On November 23, 2004, the trial court dismissed count three, sentenced Ellis to concurrently serve two twenty-year prison terms as to counts one and two, and sentenced Ellis to serve a term of life imprisonment as to count four, with the life sentence to be served consecutively to the twenty-year

terms. Id. at 2. Ellis waived his right to appeal on December 1, 2004, and thus did not seek to withdraw his guilty pleas or file a direct appeal in the Oklahoma Court of Criminal Appeals. Id. Thereafter, Ellis unsuccessfully sought postconviction relief through state court proceedings. Id. at 2-5.

In September 2007, Ellis filed a petition for writ of habeas corpus, under 28 U.S.C. § 2254, challenging the lawfulness of his custody under the same criminal judgment he identifies in the petition. See Ellis v. Jones, No. 07-CV-0505-GKF-fhm, 2008 WL 2778873, at *1 (N.D. Okla. July 14, 2008) (unpublished). This court denied the prior habeas petition, with prejudice, as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Id. at *4. The United States Court of Appeals for the Tenth Circuit subsequently denied a certificate of appealability and dismissed Ellis's appeal. Ellis v. Jones, 302 F. App'x 817 (10th Cir. Dec. 11, 2008). Because Ellis's first habeas petition was dismissed as barred by the statute of limitations, the instant petition is a second or successive petition governed by 28 U.S.C. § 2244(b). See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) ("The dismissal of [the petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.").

Under § 2244(b)(3)(A), a petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive habeas petition in district court. If the petitioner does not obtain the requisite authorization, the district court does not have jurisdiction to adjudicate any claims raised in the second or successive petition. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization."). Ellis neither alleges nor shows that he obtained permission from the United States

Court of Appeals for the Tenth Circuit to file a second or successive petition before he filed the instant petition. Dkt. ## 1, 19.[1] The Court therefore concludes that the petition should be dismissed for lack of jurisdiction.[2]

Based on the foregoing, the Court dismisses the instant petition, without prejudice, for lack of jurisdiction. Further, because reasonable jurists would not debate the procedural dismissal of the petition, the Court denies a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (discussing standards for issuance of a certificate of appealability). Lastly, based on the dismissal of the petition, the Court denies as moot Ellis's pending "motion requesting to know if I have to wait until it is ordered for me/Petitioner to file 2nd successive habeas corpus motion to 10th Circuit" filed June 2, 2023 (Dkt. # 20).

**IT IS THERFORE ORDERED** that (1) the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice**, for lack of jurisdiction; (2) a certificate of appealability is **denied**; and (3) the "motion requesting to know if I have to wait until it is ordered for me/Petitioner to file 2nd successive habeas corpus motion to 10th Circuit" (Dkt. # 20) is **denied as moot**.

**DATED** this 2nd day of November, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] The record suggests that Ellis is aware of the requirement that he first seek authorization before filing a second or successive habeas petition. Ellis filed a motion seeking authorization to file a second or successive habeas petition in 2009, and the United States Court of Appeals for the Tenth Circuit denied the motion. Dkt. # 17-19.

[2] The Court recognizes that it could transfer this matter to the United States Court of Appeals for the Tenth Circuit as an alternative to dismissal. See Cline, 531 F.3d at 1252. But, as respondent contends, that would be a waste of judicial resources because the instant petition, like Ellis's first habeas petition, is barred by the statute of limitations. Dkt. # 17, at 8-18.